UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT EVANS,<br><br>                Plaintiff,<br><br>     v.<br><br>YAKIMA COUNTY COALITION FOR<br>THE HOMELESS, a Washington<br>not-for-profit corporation;<br>LUPITA GUTIERREZ-PARKER;<br>JOHN DOES NOS. 1-20,<br><br>               Defendants. | NO.  CV-05-3101-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIMS** |

Before the Court, without oral argument, is Defendants' Motion for Summary Judgment (Ct. Rec. 14).[1] After reviewing the submitted materials and relevant authority, the Court is fully informed and hereby grants in part and denies in part Defendants' Motion for Summary Judgment by finding in favor of Defendants on Plaintiff Robert Evan's Title VII claims and declining supplemental jurisdiction over Plaintiff's state claims.

---

[1] Defendants' Motion was noted for hearing with oral argument on August 9, 2006. (Ct. Rec. 18.)  However, after reviewing the submitted materials and in light of Plaintiff's failure to respond to Defendants' Motion for Summary Judgment, the Court finds oral argument would be unhelpful and ultimately unnecessary. LR 7.1(h)(3).  Accordingly, the August 9, 2006, hearing is stricken.

ORDER-- *1*

# I. Background[2]

## A. Procedural History

On November 4, 2005, Plaintiff filed suit against Defendants. (Ct. Rec. 1.) In his Complaint for Damages ("Complaint"), Plaintiff alleges Defendants (1) discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (2) discriminated against him in violation of the Washington Law Against Discrimination ("WLAD"), R.C.W. § 49.60.030, and (3) violated Washington's Whistleblower Law, R.C.W. § 42.40.030. *Id.*

On June 6, 2006, Defendants filed their Motion for Summary Judgment. (Ct. Rec. 14.) In their motion, Defendants move the Court for an order (a) granting summary judgment in their favor on Plaintiff's Title VII and Washington Whistleblower claims and (b) declining to exercise supplemental jurisdiction over the remaining WLAD claim. (Ct. Rec. 17.) Pursuant to the Court's Scheduling Order, Plaintiff's deadline for filing a response to Defendants' motion was June 27, 2006. (*See* Ct. Rec. 13 ¶ 6 ("Responses to dispositive . . . motions shall be filed and served within 21 days after service of the motion.").) As of the issuance of this Order, Plaintiff has failed to file a response.[3]

---

[2] In ruling on a motion for summary judgment, the Court considers the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1972) (*per curiam*). The following factual recitation was created with this standard in mind.

[3] Although Local Rule 7.1(h)(5) permits the Court to construe Plaintiff's failure to file a timely memorandum in opposition to Defendants' Motion for Summary Judgment as consent

ORDER-- 2

**B. Factual History**

Plaintiff's Title VII, WLAD, and Whistleblower Law claims relate to events allegedly occurring between December 2003, when Plaintiff was purportedly not permitted to apply for a promotion, and September 2004, when Plaintiff's employment with Defendant Yakima County Coalition for the Homeless ("YCCH") was terminated. (*See* Ct. Rec. ¶¶ 13-38.) Between January 1, 2002, and December 31, 2004, Defendant YCCH employed a total of twenty-six different individuals. (Ct. Rec. 17 Ex. 2.) However, at no time between January 1, 2002, and December 31, 2004, did Defendant YCCH ever employ more than fourteen employees at one time. *Id.* at 1 & Ex. 2.

## II. Standard of Review

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248.

---

on the part of Plaintiff to an entry of an adverse order on Defendants' motion, the Court nevertheless addresses the merits of Defendants' Motion for Summary Judgment in light of the materials filed by Defendants and the pleadings already of record in této case.

ORDER-- *3*

In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III. Analysis

**A. Federal Claims: Title VII**

In the Theories of Recovery section of his Complaint, Plaintiff frames his Title VII claims by stating:

> 42 U.S.C. § 2000e-2(a) prohibits discrimination in the terms and conditions of employment; § 2000e-3(a) prohibits retaliation in the work place. In this case, Plaintiff Robert Evans has experienced race discrimination, hostile work environment, and retaliation for his whistleblower activities.

(Ct. Rec. 1 ¶ 24.) Based on these allegations, the Court presumes
ORDER-- *4*

Plaintiff's Title VII claims include separate charges of racial discrimination, retaliation, and hostile work environment under §§ 2000e-2(a) and 2000e-3(a).

Section 2000e-2(a) provides:

> It shall be an unlawful employment practice for an <u>employer</u> -
>
>> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a) (emphasis added). Meanwhile, § 2000e-3(a) provides:

> It shall be an unlawful employment practice for an <u>employer</u> to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

*Id.* § 2000e-3(a) (emphasis added).

The term "employer," as used in §§ 2000e-2(a) and 2000e-3(a), is defined as follows:

> The term "employer" means a person engaged in an industry affecting commerce who <u>has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year</u> . . . .

*Id.* § 2000e(b) (emphasis added).[4] Section 2000e(b)'s reference to "the current or preceding calendar year" refers to "the year in which the alleged discrimination occurred or during the year preceding the discrimination." *Komorowski v. Townline Mini-Mart & Rest.*, 162 F.3d 962,

---

[4] Section 2000e(b)'s definition of "employer" includes several exceptions inapplicable to the circumstances arising in this case. *See* 42 U.S.C. 2000e(b).

ORDER-- *5*

966 (7th Cir. 1998); *accord Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (Without elaborating, the Supreme Court considered the defendant's employment history for the year of and immediately preceding the alleged events giving rise to the Title VII claim, rather than the year the plaintiff filed his Title VII claim.). Moreover, whether an employer "<u>has</u> fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year " is based on a determination of whether the employer has fifteen or more employees on its *payroll* for each working day of at least twenty weeks over the course of the year in which the alleged Title VII violation occurred or during the calendar year preceding the alleged violation. *Walters*, 519 U.S. at 212.

In their Motion for Summary Judgment, Defendants argue they are entitled to summary judgment on Plaintiff's Title VII claims because the Court lacks subject-matter jurisdiction over the claims. Specifically, Defendants claim the Court lacks subject-matter jurisdiction because none of the named Defendants constitute "employers" under Title VII. This is an erroneous argument. Earlier this year, the Supreme Court explained "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (2006). Thus, the issue of whether Defendants constitute "employers" under Title VII is irrelevant to the issue of whether the Court has subject-matter jurisdiction over Plaintiff's Title VII claims. *See id.* Instead, the proper inquiry is whether Plaintiff is able to prove the statutory requirement that Defendants are Title VII employers. *Id.* If Plaintiff is unable to prove Defendants constitute Title VII employers,

ORDER-- *6*

Defendants are entitled to summary judgment on the Title VII claims due to Plaintiff's inability to prove a necessary element of his Title VII claims.

In this case, because the events giving rise to the Title VII claims are alleged to have occurred in 2003 and 2004, the Court must determine whether Defendants satisfied § 2000e(b)'s employee numerosity requirement in 2002, 2003, or 2004, which are the calendar years in which the Title VII violations are alleged to have occurred and/or the calendar years immediately preceding the alleged violations. *See Komorowski*, 162 F.3d at 966; *see also Walters*, 519 U.S. at 205.  As noted above, between January 1, 2002, and December 31, 2004, Defendant YCCH never employed more than fourteen employees. (Ct. Rec. 15 at 1 & Ex. 2.)  For this reason, Defendant YCCH did not meet § 2000e(b)'s numerosity requirement of having "fifteen or more employees for each working day in each of twenty or more calendar weeks in" the calendar years of 2002, 2003, or 2004.  Therefore, Defendant YCCH is not deemed to have been an "employer" with regard to Plaintiff's Title VII claims. For this reason, Plaintiff is unable to prove a necessary element of the Title VII violations alleged against Defendant YCCH. *See Arbaugh,* 126 S. Ct. at 1245; 42 U.S.C. § 2000e(b).  Similarly, Plaintiff is unable to prove Defendant Lupita Gutierrez-Parker was an "employer" under Title VII because she was merely a YCCH supervisor and not someone who met the § 2000e(b) numerosity requirement either. *Id.*

Accordingly, because the Court finds no genuine dispute of material fact regarding the issue of whether Defendants constituted Title VII employers in 2002, 2003, or 2004, the Court grants summary judgment in favor of Defendants on Plaintiff's Title VII claims.  Plaintiff is

ORDER-- 7

unable to prove Defendants were Title VII employers, which is a necessary element of any Title VII claim brought under §§ 2000e-2(a) or 2000e-3(a).

**B. State Claims: WLAD & Washington's Whistleblower Law**

Typically,

> in any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* § 1367(c)(3).

In this case, because they arose under a federal statute, the Court had original jurisdiction over Plaintiff's Title VII claims, 28 U.S.C. § 1331, and because the WLAD and Washington Whistleblower Law claims were so related to the Title VII claims that they formed part of the same case and controversy, the Court had supplemental jurisdiction over the state claims, 28 U.S.C. § 1367(a). Now that the Court has disposed of the Title VII claims, which were the only claims the Court had original jurisdiction over, it declines to continue exercising supplemental jurisdiction over Plaintiff's WLAD and Washington Whistleblower Law claims, which exclusively arise under state law. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's WLAD and Washington Whistleblower Law claims are dismissed without prejudice. Nevertheless, the parties are reminded that the period of limitations for Plaintiff's WLAD and Washington Whistleblower Law claims were tolled while the

ORDER-- *8*

claims were pending before this Court and will continue to toll for thirty days after the date of the issuance of this Order, unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d). Thus, to the extent Defendants move the Court for summary judgment on Plaintiff's Washington Whistleblower Law, Defendants' Motion for Summary Judgment is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED IN PART** (summary judgment granted in Defendants' favor on Plaintiff's Title VII claims and supplemental jurisdiction over WLAD claim declined) and **DENIED IN PART** (because the Court declined supplemental jurisdiction over Plaintiff's state claims, Defendants' request for summary judgment on Plaintiff's Washington Whistleblower Act was not considered). Judgment is to be entered in favor of Defendants on Plaintiff's Title VII claims.

2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's WLAD and Washington Whistleblower Law claims. For this reason, Plaintiff's WLAD and Washington Whistleblower Law claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive is directed to (1) enter this Order and provide a copy to counsel, (2) enter judgment, and (3) **CLOSE THIS FILE.**

**DATED** this ___8th___ day of August 2006.

                                     S/ Edward F. Shea
                                       EDWARD F. SHEA
                               UNITED STATES DISTRICT JUDGE